UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTA MOMENTS,

                              Plaintiff,

                -against-

WARDEN (JOHN DOE) RMSC RIKERS
ISLAND; GRIEVANCE COMMITTEE
SUPERVISION/STAFF; EHO CLEANING
DEPARTMENT SUPERVISOR; INMATE
CASHIER,

                              Defendants.

24-CV-7065 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Washington Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that, while she was detained in the Rose M. Singer Center ("RMSC") on Rikers Island following her conviction, Defendants violated her rights. She names as Defendants the RMSC Warden, grievance committee "staff," "EHO Cleaning Department Supervisor," and an "inmate cashier." By order dated November 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. From April 25, 2024, through September 9, 2024, while detained at the RMSC, Plaintiff could "not . . . lawfully seek a remedy

for my problematic issues by exhausting my rights through grievances."[2]  (ECF 1 ¶ V.) Plaintiff

contends that "[t]here's been factual proof of neglect leaving me exposed to unsanitary

conditions," including "molding, bacteria, and fungi that's built up in the showers." (*Id.*) These

conditions exist "because there's barely any officer on our 'B' post who[] is responsible for

unlocking the cleaning supply closet." (*Id.*) Moreover, "[t]he power wash crew has been

terminated due to City budgeting." (*Id.*) "Due to these forms of inconsiderable neglect I have

develope[d] a open wound in between my right-foot pinky toe as well as a boil which became

inflamed on my skin containing pus. (*Id.*)

Plaintiff also alleges that "there's . . . an unanswered amount of funds extracted from my

inmate account." (*Id.*) When Plaintiff discussed this matter with correctional staff, and staff

informed her that she should file a grievance complaint, Plaintiff "called 311 due to the fact that

the grievance committee here in RMSC are not allowing inmates to exhaust our grievance in

order to gain a remedial." (*Id.* at 9.)

Plaintiff seeks treatment for her medical conditions, including antibiotics for her boil and

fungus cream for her open wound. She also seeks $1,400,000 in money damages and the return

of the funds missing from her prison account. (*Id.* ¶ VI.)

## DISCUSSION

### A.    Conditions-of-confinement claim

The Court construes the complaint as asserting a conditions-of-confinement claim under

the Eighth Amendment's Cruel and Unusual Punishment Clause. *See Darnell v. Pineiro*, 849 F.3d

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

17, 29 (2d Cir. 2017) (noting that the Eighth Amendment applies in cases brought by individuals who are incarcerated pursuant to a conviction).

To state a conditions-of-confinement claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to her health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *See id.* at 29-33.

A plaintiff satisfies the objective element by pleading facts that suggest "'the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health'" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[O]fficials violate the Constitution when they deprive an inmate of [her] basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks and citation omitted).

A plaintiff satisfies the subjective element by pleading facts suggesting that a correction or custodial official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837).

The mere negligence of an official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff does not state a conditions-of-confinement claim because she cannot satisfy the claim's two-part test. First, Plaintiff's boil and open wound cannot be described as posing an unreasonable risk of serious damage to her health or safety. Second, even assuming that these conditions were objectively serious, Plaintiff alleges no facts suggesting that any individual defendant knew of a serious risk to Plaintiff's health and disregarded that risk. Rather, the facts pleaded in the complaint suggest only that Plaintiff's shower area was not cleaned regularly and that Plaintiff developed two conditions. She does not allege, however, facts suggesting that the conditions caused her injuries or that a correction officer was aware that she faced a serious risk of harm to her health in the shower area and then deliberately disregarded that risk. Plaintiff therefore fails to state a conditions-of-confinement claim.

In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint to state facts in support of a conditions-of-confinement claim. In addition to the instructions provided below in the Leave to Amend section, Plaintiff must state facts showing that the shower conditions caused her to suffer a serious injury, that a correction officer knew that the shower conditions caused a risk to her health, and that same officer deliberately ignored that risk

## B.    Medical claim

The Court also construes the complaint as asserting a medical claim under the Eighth Amendment because Plaintiff alleges that she requires treatment for her foot conditions.

To state an Eighth Amendment medical claim, a plaintiff must allege facts suggesting that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See*

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Similarly to a conditions-of-confinement claim, a medical claim relies on a two-part test where a plaintiff must satisfy objective and subjective elements. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

First, the objective element requires that a plaintiff "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to [her] health." *Darnell*, 849 F.3d at 30. The medical condition must be of such "urgency . . . that [it] may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019). Second, the subjective element requires a plaintiff to plead facts suggesting that correctional staff acted with a "sufficiently culpable state of mind" in depriving the plaintiff of adequate medical treatment, *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)); such facts must demonstrate that the correctional staff possessed "a state of mind that is the equivalent of criminal recklessness," *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Where a medical professional inadvertently or negligently fails to provide adequate care, a prisoner cannot state a claim of a constitutional violation under the Eighth Amendment. *See Estelle*, 429 U.S. at 106. Thus, a "mere disagreement over the proper treatment" is not actionable. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see, e.g.*, *Hill*, 657 F.3d at 123 (holding that a medical officer who prescribed Motrin rather than stronger pain medication to treat a broken wrist did not have the "culpable state of mind" required to satisfy the subjective component of the deliberate indifference standard).

Here, Plaintiff does not state an Eighth Amendment claim because she does not allege facts suggesting that her medical condition is serious or that any correctional staff acted with deliberate indifference. Rather, she indicates that she needs antibiotics and an anti-fungal cream

for her two medical conditions. While this allegation suggests that Plaintiff has not received care, she does not expressly allege facts suggesting that correctional staff knew of her conditions, understood that they were serious, and did not provide her treatment. The Court therefore grants Plaintiff leave to file an amended complaint to state additional facts in support of any medical claim she wishes to pursue.

## C.    Property claim

Plaintiff, who names as a defendant "inmate cashier," alleges that money from her prison account went missing. To the extent Plaintiff seeks to bring this claim against an individual incarcerated at the RMSC, she cannot state a Section 1983 claim against a private individual. To the extent Plaintiff claims that a New York City Department of Correction ("DOC") employee participated in the alleged loss of her property, she cannot assert a constitutional claim against a DOC employee regarding the loss of her property because New York state law provides procedures to address such a loss.

### 1.    Inmate cashier

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. For this reason, private parties generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Individuals who are incarcerated in a facility are not state actors. *See Wing v. Myers*, No. 18-CV-11056, 2019 WL 6732967, at *6 (S.D.N.Y. Dec. 11, 2019) (dismissing Section 1983 claims brought against incarcerated individuals because the defendants "are inmates, and not state actors. As such, Plaintiff cannot reach their conduct in this lawsuit").

As Defendant "inmate cashier" is a private individual who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claim, brought against "inmate cashier," for failure to state a claim. *See* 28 U.S.C. § 1915(e)(B)(ii). This dismissal is without prejudice to Plaintiff's pursuing relief in the state courts against this defendant.

2.    DOC employee

Because Plaintiff alleges that money from her prison account went missing, and the DOC operates her prison account, the Court construes this allegation as asserting a due process claim under the Fourteenth Amendment.

The Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). In a suit under Section 1983 to enforce procedural due process rights, a court must determine whether a property interest is implicated and, if so, what process is due before the plaintiff may be deprived of that interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

Where a plaintiff is deprived of property due to a government employee's random and unauthorized act, the availability of an adequate post-deprivation remedy precludes any claim that a plaintiff was denied procedural due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986). Under New York State law, post-deprivation remedies are available to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-

8

deprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action).

Plaintiff's allegation that money in her prison account went missing does not state a due process claim because adequate state court remedies are available to her to recoup her money. If Plaintiff seeks to assert a due process claim, based on allegations that the state court procedures were somehow inadequate, she may include such allegations in an amended complaint.

### D.    Grievance claim

Plaintiff's allegation that she did not receive adequate responses to her grievances suggests that she seeks to challenge the grievance procedure on Rikers Island, which is set forth in the DOC's Inmate Grievance and Request Program ("IGRP"). The mere violation of state laws and procedures, however, does not give rise to a constitutional claim under Section 1983. *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."); *e.g.*, *Davis v. N.Y. State Div. of Parole*, No. 07-CV-5544 (NRB), 2008 WL 3891524, at *5 (S.D.N.Y. Aug. 20, 2008) ("[A] claim of a violation of a state law procedural requirement does not give rise to a section 1983 claim in the absence of a constitutional violation."); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2003) ("Violations of state law procedural requirements do not alone constitute a deprivation of due process since federal constitutional standards rather than state law define the requirements of procedural due process." (internal quotation omitted)); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures.").

Because Plaintiff's claim regarding her grievances and the IGRP are grounded in state procedures, and she does not otherwise suggest that any federal constitutional right was violated, she fails to state a claim concerning the grievance procedure on Rikers Island. Although Plaintiff alleges that correctional staff "are not allowing inmates to exhaust our grievance in order to gain a remedial" (ECF 1, at 9), this alleged denial itself does not state a federal claim because it suggests only that correctional staff refused to process her grievance. Even assuming that correctional staff did violate the IGRP by not accepting Plaintiff's grievance, she still can purse her underlying claims in the New York state court system.

Should Plaintiff wish to pursue this claim, and can argue that her constitutional rights were violated, she may plead facts in support of this claim in an amended complaint. For example, if Plaintiff is alleging that the state court system was inadequate in providing a remedy with respect to any of her claims, she may include such allegations in her amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to state a conditions-of-confinement claim, a medical claim, and/or a claim regarding her grievances, the Court grants her 60 days' leave to amend her complaint to detail those claims.

First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at RMSC, during the 7-3 p.m. shift."

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

The Court grants leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-7065 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's Section 1983 claim, brought against "inmate cashier," for failure to state a claim, *see* 28 U.S.C. § 1915(e)(B)(ii), without prejudice to Plaintiff's pursuing relief against this defendant in the state courts.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 16, 2025
          New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                 Middle Initial            Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                     Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State            Zip Code

Defendant 2:

First Name            Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State            Zip Code

Defendant 3:

First Name            Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State            Zip Code

Defendant 4:

First Name            Last Name                Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State            Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____          Plaintiff's Signature _____

First Name _____     Middle Initial _____     Last Name _____

Prison Address _____

County, City _____     State _____     Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____