UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTA MOMENTS,

                              Plaintiff,

        -against-

WARDEN (JOHN DOE) RMSC RIKERS
ISLAND; GRIEVANCE COMMITTEE
SUPERVISOR (JANE DOE – BLACK
WOMAN),

                              Defendants.

24-CV-7065 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who was incarcerated on Rikers Island at the time she filed this action *pro se*, alleges that Defendants violated her constitutional rights.[1]  By order dated November 8, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]  For the following reasons, the Court directs the New York City Law Department to identify the John Doe Warden named as a defendant in this action and dismisses the claims brought against the Grievance Committee Supervisor.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Plaintiff states in her original complaint that her detention on Rikers Island was pursuant to a state court conviction.  (*See* Doc. 1 ¶ III.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter

jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A.      *Valentin* order for John Doe Warden**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the amended complaint, Plaintiff

supplies sufficient information to permit the New York City Department of Correction ("DOC")

to identify the John Doe Warden identified in the amended complaint. It is therefore ordered that

the New York City Law Department, which is the attorney for and agent of the DOC, must

ascertain the identity and badge number of the John Doe whom Plaintiff seeks to sue here and the

address where this defendant may be served.[3]  The Law Department must provide this

information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended

complaint naming the John Doe defendant.  The second amended complaint will replace, not

supplement, the original complaint.  A second amended complaint form that Plaintiff should

complete is attached to this order.  Once Plaintiff has filed a second amended complaint, the

---

[3] In response to this order, the Law Department should note whether an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the John Doe Warden is not a current DOC employee or official, but otherwise worked at a DOC facility, the Law Department must provide a residential address where he may be served.

Court will screen the pleading and, if necessary, issue an order asking the newly named defendant to waive service.

**B.    Grievance claim**

By order dated June 16, 2025, Chief Judge Laura Taylor Swain granted Plaintiff leave to file an amended complaint to state facts in support of Plaintiff's conditions of confinement claim and her grievance claim.[4]  For her grievance claim, Plaintiff had alleged that a grievance committee supervisor failed to process Plaintiff's grievance. In the June 16, 2025 order, Chief Judge Swain held that Plaintiff did not state a claim with respect to the processing of the grievances because

> [t]he mere violation of state laws and procedures . . . does not give rise to a constitutional claim under Section 1983. *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."); *e.g.*, *Davis v. N.Y. State Div. of Parole*, No. 07-CV-5544 (NRB), 2008 WL 3891524, at *5 (S.D.N.Y. Aug. 20, 2008) ("[A] claim of a violation of a state law procedural requirement does not give rise to a section 1983 claim in the absence of a constitutional violation."); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2003) ("Violations of state law procedural requirements do not alone constitute a deprivation of due process since federal constitutional standards rather than state law define the requirements of procedural due process." (internal quotation omitted)); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures.").

(Doc. 14 at 9.)  Chief Judge Swain noted that Plaintiff had the option of challenging, in the state courts, the alleged refusal to process Plaintiff's grievances and granted Plaintiff leave to "argue that her constitutional rights were violated . . . if, [f]or example . . . [she was] alleging that the

---

[4] In the June 16, 2025 order, Chief Judge Swain also granted Plaintiff leave to amend a medical claim and a property claim. In the amended complaint, Plaintiff did not reassert these claims.

state court system was inadequate in providing a remedy with respect to any of her claims[.]"
(*Id.* at 10.)

In her amended complaint, Plaintiff alleges only that the grievance committee supervisor failed to process her grievances; she does not indicate that she challenged this alleged failure in the state courts.  (*See* Doc. 15 at 5 ("The Plaintiff placed grievance anyway and the defendant lived up to her word by totally disregarding the complaint.").)  The Court therefore dismisses Plaintiff's claims against the Grievance Committee Supervisor for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Pursuant to the electronic service agreement between the Court and the New York City Department of Correction, the Clerk of Court is directed to electronically notify the New York City Law Department and the New York City Department of Correction of this order.

The Court dismisses the claims brought against the Grievance Committee Supervisor for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and directs the Clerk of Court to terminate this defendant.

The Court also directs the Clerk of Court to mail Plaintiff an information package.

SO ORDERED.

Dated:    February 27, 2026
        New York, New York

                                    VERNON S. BRODERICK
                                    United States District Judge